**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36494**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 739 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 9, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DOROTHY JEAN PORTER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Order granting motion to dismiss, affirmed.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Dorothy Jean Porter appeals from the district court's order dismissing her case without prejudice. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

On November 18, 2008, Porter was charged with one count of first degree murder, Idaho Code § 18-4003, for the death of her husband. The state indicated that it was ready for trial pending the results of evidentiary testing. Accordingly, the district court set the trial to begin on March 24, 2009. On January 27, 2009, Porter filed a motion with the district court requesting the court to enter an order requiring the state lab to allow a defense expert to be present for its testing of the biological samples that were too small to allow a reserve sample to be tested separately by the defense, or alternatively, an order for these biological samples to be tested at the defense expert's lab with the state's experts present. However, the state argued that this would be

1

inconsistent with the state lab's internal policies. After several status hearings indicated a lack of progress with the evidentiary testing, the district court proposed an alternative solution, that the state lab videotape all consumptive testing of the biological evidence. Nevertheless, at a February 23, 2009, status hearing, the prosecutor indicated that the state lab would not allow defense experts in the lab to observe the testing, nor would it allow the testing to be videotaped.

At a March 4, 2009, status hearing, the prosecutor again indicated that the state lab refused to videotape its consumptive testing of the biological material, so the state informed the court that it would have to either find a third-party lab or allow the defense experts to do that testing in their own lab, but also that the prosecutor had no money to hire a third-party lab. At the next status hearing on March 9, 2009, the state requested a continuance. The district court granted the continuance and rescheduled Porter's trial for April 21, 2009. On March 25, 2009, the state filed a motion to dismiss the case against Porter without prejudice based on the need for more time to complete the forensic testing. Ultimately, the district court granted the state's motion to dismiss without prejudice, but only on the condition that the state comply with prior court orders on how forensic testing would be conducted, including not engaging in any consumptive testing of any evidence without either defense experts being present or a videotape being made of the testing process. Porter now appeals arguing that the district court erred in dismissing the case instead of allowing it to go to trial, or alternatively, that the case should have been dismissed with prejudice.

## II.

## STANDARD OF REVIEW

The granting or denial of a motion to dismiss is reviewed for an abuse of discretion. *State v. Dixon*, 140 Idaho 301, 304, 92 P.3d 551, 554 (Ct. App. 2004). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

# III.

# DISCUSSION

Porter asserts that the district court abused its discretion in dismissing her case instead of allowing it to proceed to trial. Alternatively, Porter asserts that even if dismissal was warranted, the dismissal should have been with prejudice. Idaho Code § 19-3504 and Idaho Criminal Rule 48 both provide that it is within the district court's discretion to dismiss a criminal action in certain circumstances. Idaho Code § 19-3504 provides that the court may dismiss a criminal action if it determines it is in the "furtherance of justice." Similarly, I.C.R. 48 provides that the district court may dismiss a criminal action if the court determines that the dismissal will "serve the ends of justice and the effective administration of the court's business." I.C.R. 48(a)(2).

Porter argues that the district court abused its discretion in granting the state's motion to dismiss because the state lab caused all of the delays and effectively forced the prosecutor to move for dismissal because the state did not have sufficient evidence to go to trial. Porter further argues that the state did this in order to circumvent her right to a speedy trial pursuant to I.C. § 19-3501, and that since she has a right to a speedy trial, the state should not be allowed to render it a nullity through a process of dismissal and refiling. Whether there was an infringement of a defendant's right to speedy trial presents a mixed question of law and fact. *State v. Clark*, 135 Idaho 255, 257, 16 P.3d 931, 933 (2000). We will defer to the trial court's findings of fact if supported by substantial and competent evidence; however, we will exercise free review of the trial court's conclusions of law. *Id*.

Under I.C. § 19-3501, criminal defendants are given additional protection beyond what is required by the United States and Idaho Constitutions. *Clark*, 135 Idaho at 258, 16 P.3d at 934. Idaho Code Section 19-3501 mandates that, unless the state can demonstrate "good cause" for a delay greater than six months, the court must dismiss the case. "[G]ood cause means that there is a substantial reason that rises to the level of a legal excuse for the delay." *Clark*, 135 Idaho at 260, 16 P.3d at 936. In determining whether good cause exists, the district court may consider the following additional factors insofar as they bear on the sufficiency or strength of the reason for the delay: (1) the length of the delay; (2) whether the defendant asserted the right to a speedy trial; and (3) the prejudice to the defendant. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972); *Clark,* 135 Idaho at 258-60, 16 P.3d at 934-36.

Here, the state filed the motion to dismiss because forensic testing of the evidence would not be accomplished within a reasonable time in the future. The district court conducted a hearing on the state's motion and acknowledged that the state lab was the primary cause of the delay with the testing procedures. However, the district court determined that even though the state lab's position was unreasonable, the prosecutor had no ability to control its procedures. The district court then discussed each of the factors in *Barker*. The district court determined that this is a complex case with serious allegations, and testing each piece of evidence takes time. The district court went on to address the resulting prejudice to Porter and concluded that it was minimal because during the time the case is dismissed, Porter would not be incarcerated, and even though she may suffer from anxiety or concern over charges that could be refiled, there is really no way to minimize that circumstance. The record reflects the district court carefully weighed the impact of dismissal on Porter's speedy trial rights and imposed specific conditions for evidentiary testing to protect Porter's rights should the state seek refiling of the murder charges. We therefore conclude that the district court's dismissal of the case in this instance did not impermissibly infringe on Porter's speedy trial rights.

Next, Porter asserts that even if dismissal were proper here, the district court abused its discretion by not dismissing the case with prejudice. However, the language of Rule 48 indicates otherwise. It states, "[a]n order for dismissal of a criminal action is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony." I.C.R. 48(c).[1] Therefore, Rule 48 contemplates that a dismissal of a felony offense will be without prejudice. *See*, *e.g.*, *State v. Davis*, 141 Idaho 828, 842, 118 P.3d 160, 174 (Ct. App. 2005) (holding that absent a due process violation it was proper to dismiss the case, which involved a felony offense, without prejudice pursuant to I.C. § 19-3506, and rejecting the argument that dismissing the case without prejudice allowed the state to intentionally circumvent the appellant's right to a speedy trial). Nevertheless, Porter argues that notwithstanding the language of Rule 48(c), the district court retains the inherent authority to dismiss a case with prejudice as a sanction for the state's ongoing failure to live up to the terms of its agreement with

---

[1] Similarly, I.C. § 19-3506 states: "An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense, if it is a misdemeanor; but it is not a bar if the offense is a felony."

4

the defense and the court regarding the testing of the evidence thereby circumventing Porter's right to a speedy trial.[2]  However, because the district court did not err in determining that Porter's right to a speedy trial was not violated, and therefore dismissal was proper, we conclude that it also did not abuse its discretion in dismissing the case without prejudice by following the express language of Rule 48.

## IV.

## CONCLUSION

The district court did not abuse its discretion in granting the state's motion to dismiss without prejudice.  The dismissal did not impermissibly infringe on Porter's right to a speedy trial.  Further, Porter failed to establish that a felony charge upon dismissal is subject to dismissal with prejudice.  Accordingly, we affirm.

Judge GRATTON and Judge MELANSON, **CONCUR**.

---

[2]  In support of this argument, Porter cites to several cases involving bad faith conduct, disobedience, or failure to comply with court orders.  *See State v. Rogers*, 143 Idaho 320, 321-23, 144 P.3d 25, 26-28 (2006); *Hansen v. Firebaugh*, 87 Idaho 202, 203, 392 P.2d 202, 205 (1964); *Perry v. Perkins*, 73 Idaho 4, 7, 245 P.2d 405, 406 (1952); *McPherson v. McPherson*, 112 Idaho 402, 406-07, 732 P.2d 371, 375-76 (Ct. App. 1987).