# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51215

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

JON M. ZAVALA,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: August 29, 2025

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald Schroeder, District Judge. Hon. Annie McDevitt, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming order withholding judgment for driving under the influence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Judge

Jon M. Zavala appeals from the decision of the district court, on intermediate appeal from the magistrate court, affirming the order withholding judgment for driving under the influence. Zavala contends that his statutory speedy trial right under Idaho Code § 19-3501 was violated because he was not brought to trial within six months. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 31, 2021, Zavala was issued a citation for driving under the influence. He entered a not guilty plea. A pretrial conference hearing was held on July 15, 2021, at which time Zavala requested the hearing be continued. Over the State's objection, the district court granted Zavala's request, finding there was good cause to continue the hearing. A second pretrial conference was held on September 2, 2021. Zavala's trial was set for October 18, 2021.

1

At the status conference held on October 14, 2021, the district court vacated the trial date pursuant to the Idaho Supreme Court's administrative orders which suspended jury trials due to the COVID-19 pandemic. Zavala's trial was ultimately reset for February 1, 2022. At the status conference held on January 28, 2022, the district court vacated the trial date, citing a new administrative order which had again suspended jury trials. Zavala's trial was reset for March 28, 2022. However, that trial date was subsequently vacated because another case set for trial had priority. As a result, Zavala's trial was reset for May 16, 2022.

On April 22, 2022, Zavala filed a motion to dismiss, claiming that his right to a speedy trial under I.C. § 19-3501 had been violated. Zavala argued that his trial date of May 16, 2022, was set outside the time frame permitted by the speedy trial statute. In making that argument, he also conceded that, because of the administrative orders suspending jury trials due to COVID-19, the time used to calculate the right to speedy trial should be excluded from the calculation of when the statutory window closed.

The State objected to Zavala's motion, arguing that he could not make a prima facie showing for relief under I.C. § 19-3501 because the delays in his case were "entirely attributable to a setover requested by [Zavala], a brief priority bump resulting from limited court resources, and the effects of the [COVID]-19 pandemic on jury trials." The State acknowledged that the delay caused by the overcrowded courts was a neutral factor and that it was still the State's obligation to ensure the case was tried in a timely manner. However, the State argued the delay caused by Zavala's request to continue the initial pretrial conference hearing should weigh more heavily against him. As such, the State argued the time between the July 15, 2021, pretrial conference hearing and the September 2, 2021, pretrial conference hearing should also be excluded from the calculation of when the statutory window closed. The State argued that, with the additional time excluded from the calculation, the May 16, 2022, trial date still fell within the statutory window. The State also argued the health and safety considerations related to the COVID-19 pandemic constituted good cause for the remaining periods of the delay in this case. Finally, the State argued there was no prejudice to Zavala, apart from the "general inconvenience or frustration," because he had not been incarcerated at any point during the pendency of his case.

At the hearing on the motion to dismiss, the magistrate court ruled that, because of Zavala's request that the case be continued, the time between the first two pretrial conference hearings

2

should not be included in the calculation of when the statutory window closed; therefore, there was no speedy trial violation. Alternatively, the magistrate court ruled that, even accepting Zavala's calculation of when the statutory window closed, the resulting delay was only two and one-half weeks beyond the speedy trial window, and that such a short delay would not prejudice Zavala. The magistrate court indicated it would not find a violation of Zavala's statutory right even under his calculation. Accordingly, the magistrate court denied Zavala's motion to dismiss. Zavala conditionally pled guilty to driving under the influence (I.C. § 18-8004), and the magistrate court entered a withheld judgment. Zavala appealed to the district court.

In its intermediate appellate capacity, the district court affirmed the magistrate court's denial of Zavala's motion to dismiss. The district court found that the time for trial was postponed upon Zavala's application and, even if the trial was not considered postponed upon his application, the magistrate court properly found that good cause existed for the delay. Zavala again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

Whether there was an infringement of a defendant's right to speedy trial presents a mixed question of law and fact. *State v. Clark*, 135 Idaho 255, 257, 16 P.3d 931, 933 (2000). We will defer to the trial court's findings of fact if supported by substantial and competent evidence; however, we will exercise free review of the trial court's conclusions of law. *Id.*

3

# III.

# ANALYSIS

On appeal, Zavala argues that, based on a violation of his statutory right to a speedy trial, the district court erred by affirming the magistrate court's order denying his motion to dismiss. In both his argument to the magistrate court and on appeal to the district court, Zavala conceded that the time his case was suspended (pursuant to the administrative orders) was good cause on its face, and so should not count toward the calculation of when the statutory window closed. The State argues the district court correctly concluded that, by Zavala moving to continue the initial pretrial conference hearing (which necessarily resulted in a postponement of his trial), he waived his statutory speedy trial right under the language of I.C. § 19-3501. In the alternative, the State argues the record also establishes that the State demonstrated good cause to justify the relatively short trial delay beyond the six-month statutory speedy trial time period.

Idaho Code § 19-3501 sets specific time limits within which a criminal defendant must be brought to trial and provides, in pertinent part:

> The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:
> (1) When a person has been held to answer for a public offense, if an indictment or information is not found against him and filed with the court within six (6) months from the date of his arrest.
> (2) If a defendant, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the information is filed with the court.
> (3) If a defendant, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the defendant was arraigned before the court in which the indictment is found.
> (4) If a defendant, charged with a misdemeanor offense, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the defendant enters a plea of not guilty with the court.

Under I.C. § 19-3501, criminal defendants are given additional protection beyond what is required by the United States and Idaho Constitutions. *Clark*, 135 Idaho at 258, 16 P.3d at 934. Idaho Code § 19-3501 mandates that, unless the State can demonstrate good cause for a delay greater than six months, the court must dismiss the case. Good cause means that there is a substantial reason that rises to the level of a legal excuse for the delay. *Clark*, 135 Idaho at 260, 16 P.3d at 936. In determining whether good cause exists, the trial court may consider the

4

following additional factors insofar as they bear on the sufficiency or strength of the reason for the delay: (1) the length of the delay; (2) whether the defendant asserted the right to a speedy trial; and (3) the prejudice to the defendant. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972); *Clark*, 135 Idaho at 258-60, 16 P.3d at 934-36. If the reason for the delay is sufficient, these factors are not needed; if the reason for the delay is insufficient, the other factors will not avail to avoid dismissal. *See Clark*, 135 Idaho at 260, 16 P.3d at 936.

By requesting that the initial pretrial conference hearing be continued, Zavala waived his speedy trial right under I.C. § 19-3501. While Zavala did not directly request postponement of his trial, the magistrate court found that his request to continue the hearing, which was granted, "undoubtedly delayed the trial setting in the case." On appeal, the district court adopted this finding, and concluded that, because the initial setting of the trial date was delayed, the "time for trial was therefore postponed upon [Zavala's] application." On appeal to this Court, Zavala acknowledges, and does not challenge, the magistrate court's finding or the district court's adoption of that finding.

Zavala cites to *State v. Folk*, 151 Idaho 327, 332, 256 P.3d 735, 740 (2011), and acknowledges that the Idaho Supreme Court has held that, any request by the defendant which postpones the trial date--even to move the trial date within the statutory window--waives relief under I.C. § 19-3501. Zavala notes on appeal that, "mindful of the decision in *Folk* and the magistrate's finding that his request to set over the initial pretrial conference had the effect of postponing the trial date," he "maintains the magistrate erred by denying his motion to dismiss based on a violation of the statutory right to a speedy trial." *Folk* has not been overruled. Because Zavala requested a continuance--that he concedes had the effect of postponing the trial date--he has waived relief under the statute, and this Court need not perform further analysis on whether the magistrate court erred by denying his motion to dismiss. Nor do we need to address the State's alternative argument regarding whether good cause existed for such delay. Zavala has failed to show his statutory speedy trial right was violated. Accordingly, the district court did not err in affirming the magistrate court's order denying Zavala's motion to dismiss.

## IV.

## CONCLUSION

The decision of the district court, on intermediate appeal from the magistrate court, affirming the order withholding judgment for driving under the influence, is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.