**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50581**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 5, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| JESSE MICHAEL SAVALA, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment of conviction for burglary, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant. Sally J. Cooley argued.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent. Mark W. Olson argued.

TRIBE, Judge

Jesse Michael Savala appeals from his judgment of conviction for burglary. Savala argues that the district court erred by denying his motion to dismiss. Savala contends that his statutory speedy trial right under Idaho Code § 19-3501 was violated because he was not brought to trial within six months. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 12, 2022, the State filed an information charging Savala with burglary. I.C. § 18-1401. The district court originally set Savala's trial for July 12, 2022. On May 2, 2022, Savala posted bond. Subsequently, the State moved for an increased bond because Savala violated his terms of probation in another case. On July 11, 2022, the district court granted the State's motion and ordered that Savala be taken into custody. At Savala's subsequent pretrial hearing, the

1

district court reset his trial for October 12, 2022. However, the district court vacated Savala's second trial date for another jury trial with higher priority.

On October 14, 2022, two days after the six-month statutory speedy trial timeframe expired, Savala filed a motion to dismiss asserting a violation of his speedy trial right under I.C. § 19-3501(2). This was Savala's first and only assertion of his right to a speedy trial. The State objected, and the district court denied Savala's motion.

Ultimately, Savala's jury trial was conducted on November 9, 2022, less than a month after his statutory speedy trial right expired. Savala was found guilty of burglary. Savala timely appeals.

## II.

## STANDARD OF REVIEW

Whether there was an infringement of a defendant's right to speedy trial presents a mixed question of law and fact. *State v. Clark*, 135 Idaho 255, 257, 16 P.3d 931, 933 (2000). We will defer to the trial court's findings of fact if supported by substantial and competent evidence; however, we will exercise free review of the trial court's conclusions of law. *Id.*

## III.

## ANALYSIS

Savala argues that the district court erred in denying his motion to dismiss for violation of his statutory right to a speedy trial under I.C. § 19-3501(2). First, Savala asserts that Idaho Criminal Rule 28 expanded the statutory requirements for finding whether "good cause" exists for delay under I.C. § 19-3501. Savala argues that the State did not preserve the argument that the district court properly considered "good cause." Next, Savala asserts that the State failed to show whether good cause existed under the factors outlined in I.C.R. 28. In response, the State argues that "good cause" for the delay was presented and the district court correctly denied Savala's motion to dismiss. We hold that application of the I.C.R. 28 factors support the district court's conclusion that Savala was not entitled to dismissal based on a statutory speedy trial violation.

Idaho Code § 19-3501 sets specific time limits within which a criminal defendant must be brought to trial and provides, in pertinent part:

> The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:
> . . . .

2

(2)     If a defendant, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the information is filed with the court.

Under I.C. § 19-3501, criminal defendants are given additional protection beyond what is required by the United States and Idaho Constitutions.  *Clark*, 135 Idaho at 258, 16 P.3d at 934.  Idaho Code § 19-3501 mandates that, unless the State can demonstrate good cause for a delay greater than six months, the trial court must dismiss the case.  Good cause means that there is a substantial reason that rises to the level of a legal excuse for the delay.  *Clark*, 135 Idaho at 260, 16 P.3d at 936.

Savala argues that I.C.R. 28 impacted the definition of "good cause" as it pertains to his statutory speedy trial right.  In Savala's view, to determine whether statutory "good cause" exists, the courts should analyze the factors outlined in I.C.R. 28 instead of the four factors discussed in *Barker v. Wingo*, 407 U.S. 514 (1972).[1]  Given the mandatory language in Rule 28, a trial court should consider the Rule 28 factors in determining a motion to dismiss for violation of a defendant's statutory speedy trial right.  *See State v. Ewing*, ___ Idaho ___, ___, 572 P.3d 706, 713 (2025).

Savala argues that the State did not preserve "any arguments as to whether the reason(s) for the delay constituted 'good cause' under the statute."  This argument is without merit.  In its objection, the State cited I.C. § 19-3501 and referenced the six-month limitation and the good cause requirement.  In addition, the State argued that there was good cause for the delay due to the pandemic.  The State's good cause arguments are preserved for appeal.

Savala next argues that the district court erred because it "did not analyze the motion pursuant to I.C. § 19-3501," "did not consider the factors upon which it may have found 'good cause' as specified by I.C.R. 28," "held no hearing," and "simply" denied the motion "without providing a reason and without making any findings."  According to Savala, absent a written analysis that includes reasons for the district court's decision, this Court cannot perform a proper

---

[1]     The *Barker* factors include:  (1) the length of the delay; (2) the reason for the delay (3) whether the defendant asserted the right to a speedy trial; and (4) the prejudice to the defendant.  *See Barker*, 407 U.S. at 530.

review.  In support of this argument, Savala relies on the Idaho Supreme Court's recent decision in *State v. Ruiz*, ___ Idaho ___, 567 P.3d 789 (2025).  However, *Ruiz* is distinguishable.

In *Ruiz*, the district court entered an order relinquishing jurisdiction and imposing Ruiz's original sentence which was against the staff's recommendation at the North Idaho Correctional Institution (rider program).  *Id.* at ___, 567 P.3d at 791.  The staff report included conflicting information regarding Ruiz's performance while in the rider program.  For example, the report explained that Ruiz had five written warnings, one incident, and three infractions while in the rider program indicating behavioral issues.  *Id.*  At the same time, the report described Ruiz as a good candidate for supervised probation.  *Id.*  Yet, both the district court's order and the record were devoid of the court's reasoning to relinquish jurisdiction.  *Id.* at ___, 567 P.3d at 792.  The Idaho Supreme Court reversed and remanded the district court's order.  The Court held that, because the staff's recommendation report contained relevant evidence that conflicted with the district court's order relinquishing jurisdiction and executing the sentence, the district court must provide its reasoning to relinquish jurisdiction to successfully overcome an abuse of discretion challenge on appellate review.  *Id.* at ___, 567 P.3d at 794.

Initially, we note that *Ruiz* is distinguishable because, there, the standard of review was for an abuse of discretion and, here, the issue presents a mixed question of fact and law in which this Court exercises free review of the trial court's conclusions of law.  *See Clark*, 135 Idaho at 257, 16 P.3d at 933.  While we defer to the trial court's findings of fact, the record in this case is devoid of conflicting information relevant to the evaluation of whether the good cause for delay of Savala's trial existed.  Savala submitted a pro forma motion to dismiss his case on the grounds of the speedy trial violation.  On the other hand, the State presented factual background and analysis of the factors that supported that good cause for the delay existed and, although Savala complains there was no hearing on his motion, he never requested a hearing.  If Savala desired a hearing on his motion to dismiss, it was his obligation to notice one.

Savala also relies on our decision in *State v. Morgan*, 162 Idaho 550, 400 P.3d 638 (Ct. App. 2017), for the proposition that the district court was required to make express factual findings. At issue in *Morgan* was the exact date of arrest.  Morgan argued he was arrested in Montana in 2010, while the State asserted the date of the arrest was in 2015.  However, the district court failed to make a factual finding regarding the arrest date.  Without the correct arrest date, this Court could

not meaningfully review whether Morgan's speedy trial right was violated. Here, the record includes sufficient information for this Court to perform a review of the district court's order.

Moreover, the actions and judgments of trial courts enjoy a presumption of regularity and validity. *State v. Hernandez*, 167 Idaho 262, 266, 469 P.3d 49, 53 (Ct. App. 2020). As a general rule, "the appellate court, in the absence of a showing in the record to the contrary, will indulge all reasonable presumptions in favor of the correctness of the judgment or rulings of the trial court, and will presume that the proceedings . . . were regular and free from error." *State v. Mundell*, 66 Idaho 297, 316, 158 P.2d 818, 825 (1945). The presumption of regularity that attaches to official acts applies in criminal cases. *State v. Wendler*, 83 Idaho 213, 218, 360 P.2d 697, 699 (1961); *Hernandez*, 167 Idaho at 266, 469 P.3d at 53.

There is no evidence in the record that indicates the district court disregarded or failed to assess all factors identified in I.C.R. 28. Despite the lack of an express legal analysis by the district court addressing the I.C.R. 28 factors, we are satisfied that, on balance, the evidence in the record supports the district court's ultimate conclusion that good cause for the delay existed. Additionally, the State's analysis in response to Savala's motion addressed the first five I.C.R. 28 factors: the length of the delay beyond the statutory timeframe; whether there had been prior continuances; the reasons for the current delay, including whether the delay was necessary to safeguard public health; whether the accused requested compliance with the statutory trial time requirements; and prejudice.[2] Absent a record that demonstrates the contrary, we presume that the district court considered the factors necessary to determine whether good cause for delay of Savala's speedy trial existed. As detailed below, application of these factors demonstrates no error in the denial of Savala's motion to dismiss.

In the context of I.C. § 19-3501(2), "good cause" means there is a substantial reason that rises to the level of a legal excuse for the delay. *State v. Prano*, 170 Idaho 337, 341, 510 P.3d 690, 694 (Ct. App 2021). An analysis of whether good cause exists for not bringing a defendant to trial within the sixth-month period under I.C. § 19-3501(2) should focus upon the reason for the delay. *State v. Young*, 136 Idaho 113, 116, 29 P.3d 949, 952 (2001). A thorough analysis of the reasons

---

[2]    While the State addressed the basis for a good cause determination in this case, it did so in the context of the *Barker* factors. Regardless of how the factors are presented, if information is provided which bears on the relevant factors, this Court can appropriately decide the ultimate issue.

for the delay represents the soundest method for determining what constitutes good cause. *Clark*, 135 Idaho at 260, 16 P.3d at 936. Where the reason for the delay is well defined, and that reason on its face clearly does (or clearly does not) constitute good cause, there is no occasion to consider other factors in assessing a violation of I.C. § 19-3501. *State v. Jacobson*, 153 Idaho 377, 380, 283 P.3d 124, 127 (Ct. App. 2012). If there are multiple reasons for the delay attributable to both the State and the defendant or good cause is genuinely subject to disagreement, then an analysis of additional factors is appropriate. *Prano*, 170 Idaho at 341, 510 P.3d at 694.

### 1. Length of delay

Idaho Criminal Rule 28(1) directs the trial court to consider the length of the delay beyond the statutory timeframe. The length of the delay factor serves as a threshold consideration in determining whether further inquiry is required. *State v. Lankford*, 172 Idaho 548, 560, 535 P.3d 172, 184 (2023). The length of the delay is a factor but also serves as the triggering mechanism because until there is some delay which is presumptively prejudicial, it is unnecessary to inquire into the other factors. *Young*, 136 Idaho at 117, 29 P.3d at 953. A constitutionally permissible delay depends on the complexity of the crime charged. *Barker*, 407 U.S. at 530-31. Thus, the primary inquiry is whether the delay is "presumptively prejudicial" and warrants further inquiry into the other factors. *Lankford*, 172 Idaho at 560-61, 535 P.3d at 184-85.

Even a few months of delay may be sufficient to trigger inquiry and be presumptively prejudicial. *State v. Talmage*, 104 Idaho 249, 252, 658 P.2d 920, 923 (1983) (finding seven and one-half months interval between a mistrial declaration and a second trial was presumptively prejudicial); *State v. Campbell*, 104 Idaho 705, 708, 662 P.2d 1149, 1152 (Ct. App. 1983) (concluding that a twelve-month period was presumptively prejudicial). Here, the delay was less than one month. This delay is not presumptively prejudicial. Thus, this factor is neutral and does not weigh in Savala's favor.

### 2. Prior continuances

The record does not indicate that either party formally requested continuances during or after the statutory timeframe as outlined in I.C.R. 28(2). Two continuances occurred in this case because Savala's trial was scheduled as lower priority and cases with higher priority involving incarcerated defendants and cases that were closer to approaching the speedy trial deadline took precedent over Savala's trial. Neither party caused the delay. Accordingly, this factor is neutral.

6

### 3. Reason for delay

Idaho Criminal Rule 28(3) instructs trial courts to consider whether the delay was necessary to safeguard the health or safety of the parties, jurors, attorneys, witnesses, court staff, or the public. The Idaho Supreme Court entered emergency orders to address the substantial health and safety risks faced by the public accessing the courts, court personnel, and participants in court proceedings caused by the community spread of the coronavirus. The Idaho Supreme Court deemed the suspension of trials, which caused the backlog, necessary to foster public safety and reduce the risk of the spread of coronavirus and the incidence of COVID-19 and its variants during periods where the county's Covid rates exceeded certain thresholds. The Idaho Supreme Court's orders included a provision that the delay caused by implementing the orders was to be considered good cause for purposes of tolling speedy trial pursuant to I.C. § 19-3501. In this case, the State noted that the judicial resources in Bannock County were strained by the backlog stemming from the court's shutdowns associated with the efforts to safeguard the public and government employees during the global pandemic. Consistent with the Idaho Supreme Court's holding in *Ewing* and *State v. Mansfield*, 174 Idaho 690, 707, 559 P.3d 1177, 1194 (2024), we conclude that trial delays due to the statewide orders issued in response to the COVID-19 pandemic do not weigh against the State when determining whether good cause for delay existed.

### 4. Assertion of right to a speedy trial

The fourth factor asks whether and when the accused requested compliance with the statutory trial time requirements. An accused has "no duty to bring himself to trial." *Barker*, 407 U.S. at 527. However, Savala's responses to the delay nevertheless represent an important consideration in determining whether his right to a speedy trial has been violated. *See Barker*, 407 U.S. at 534-35; *see also Mansfield*, 174 Idaho at 708-09, 559 P.3d at 1195-96 (explaining whether (and how) the defendant asserts his right is still a factor in determining whether the defendant's right to a speedy trial was violated). Thus, while failure to object to a pretrial delay does not, by itself, establish that the accused did not want a speedy trial, an absence in the record of any objections to delay "will make it difficult" for the accused to prove that he was denied a speedy trial. *Barker*, 407 U.S. at 532; *see also Mansfield*, 174 Idaho at 709, 559 P.3d at 1196 (holding that, as long as the trial court considers other pertinent factors, the lateness of the speedy trial right

7

assertion, acquiescence to the delays, or failure to object to the delays weighs against dismissal for violation of the right to speedy trial).

Here, Savala asserted his speedy trial right, for the first and only time, two days after his statutory speedy trial deadline lapsed. This factor weighs against Savala.

### 5. Prejudice

Idaho Criminal Rule 28(5) considers the prejudice, if any, to the accused of permitting the prosecution to proceed beyond the statutory speedy trial time requirements. The Idaho Supreme Court has recognized that prejudice is a central factor in analyzing the right to a speedy trial. *State v. Holtslander*, 102 Idaho 306, 313, 629 P.2d 702, 709 (1981). "Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532. The *Barker* Court identified three such interests: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *Id.* The third is the most serious and ensures the defendant's ability to adequately prepare his case.

While Savala was in custody for the entire period of the delay, his incarceration was attributable to his probation violation in a separate case rather than any action of the district court or the parties involved. In May 2022, Savala was released on bond in the instant case. Approximately a month later, Savala violated his probation in an unrelated case for failing to comply with the substance testing requirement and was arrested for the probation violation. The bond in the instant case was then increased to $30,000. This factor does not weigh against the State as Savala's own actions resulted in his incarceration.

No factors weigh in support of Savala's claim that his statutory right to speedy trial was violated without good cause. Savala does not directly dispute the legitimacy of the reason for the delay, nor was he prejudiced by the delay. The district court properly found there was good cause for the delay under I.C. § 19-3501(2). Given the mandatory language in the rule, the district court should have considered the Rule 28 factors. However, its failure to do so does not mandate reversal here because the record is adequate for appellate review and the reason for the delay is well-defined and constitutes good cause as the Idaho Supreme Court held in *Ewing* and *Mansfield*.

8

## IV.

## CONCLUSION

Savala has not demonstrated that the district court erred in denying his motion to dismiss. Therefore, Savala's judgment of conviction for burglary is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.