# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39094

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

BRETT J. JACOBSON,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

2012 Opinion No. 37

Filed: July 6, 2012

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Custer County. Hon. Dane H. Watkins, Jr., District Judge; Hon. H. Charles L. Roos, Magistrate.

Appellate decision of the district court reversing magistrate court's order of dismissal, reversed.

Givens Pursley, LLP; Alexander P. McLaughlin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

LANSING, Judge

Brett J. Jacobson appeals from the district court's appellate decision that reversed the magistrate court's order dismissing misdemeanor charges for violation of Idaho's speedy trial statute, Idaho Code § 19-3501. We reverse the district court's decision and reinstate the magistrate's order of dismissal.

## I.

## BACKGROUND

On June 26, 2010, Jacobson was arrested and cited for three misdemeanor offenses. He was arraigned and pleaded not guilty to the charges on June 28. Jacobson's counsel filed a notice of appearance, a speedy trial demand, and a demand for a sworn complaint on July 9. On August 2, a criminal complaint was filed. In August, the magistrate set the trial for January 14, 2011. On January 4, however, Jacobson moved to dismiss the charges on the ground that the

1

State had failed to bring him to trial within six months from the entry of his not guilty plea as mandated by Idaho Code § 19-3501(4). At a hearing, the magistrate explained that the court had used the "ISTARS" court computer tracking system to automatically select a trial date compliant with Idaho Code § 19-3501, but the date of filing of the formal complaint was incorrectly entered as the starting date for the six-month period instead of the correct date of June 28, which was the date of Jacobson's not guilty plea. The magistrate court concluded that its error did not, under the statutory standard, constitute good cause for the failure to bring Jacobson to trial by December 28, 2010, which was six months from the entry of his not guilty plea, and the court therefore dismissed the charges.

The State appealed the dismissal order to the district court. That court, after conducting a balancing of factors applicable to constitutional speedy trial inquiries under the federal and Idaho constitutions, reversed. Jacobson appeals to this Court, seeking reinstatement of the magistrate's order of dismissal.

## II.

## STANDARD OF REVIEW

Whether a legal excuse has been shown for a delay of trial beyond the statutory period allowed by Idaho Code § 19-3501 is a matter for judicial determination upon the facts and circumstances of each case. *State v. Clark*, 135 Idaho 255, 260, 16 P.3d 931, 936 (2000). A trial judge does not have unbridled discretion to find good cause, however, and on appeal we will independently review the lower court's decision. *Id.*

## III.

## ANALYSIS

In Idaho, criminal defendants enjoy both constitutional and statutory entitlements to a speedy trial. The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 13 of the Idaho Constitution. These constitutional protections are supplemented by Idaho Code § 19-3501, which sets specific time limits within which a criminal defendant must be brought to trial. As relevant to the misdemeanor prosecutions here, the statute provides:

> The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:
>
> . . . .

2

(4) If a defendant, charged with a misdemeanor offense, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the defendant enters a plea of not guilty with the court.

I.C. § 19-3501(4). Under this statute, the State bears the burden to demonstrate good cause for a failure to bring a defendant to trial within the six-month limit. *Clark*, 135 Idaho at 258, 16 P.3d at 934; *State v. Livas*, 147 Idaho 547, 549, 211 P.3d 792, 794 (Ct. App. 2009).

In *Barker v. Wingo*, 407 U.S. 514 (1972), the United States Supreme Court addressed application of the speedy trial right guaranteed by the Sixth Amendment and chose a flexible approach for assessing whether a speedy trial has been *unconstitutionally* denied. The Court adopted a balancing test in which the conduct of the defendant and the prosecution are to be considered, and the Court identified four primary factors to be weighed in determining whether a particular defendant has been deprived of his Sixth Amendment speedy trial right: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted the right to a speedy trial; and (4) the prejudice to the defendant. *See Barker*, 407 U.S. at 530. This same balancing test was adopted by the Idaho Supreme Court for determining whether the speedy trial guarantee of the Idaho Constitution has been violated. *See State v. Lindsay*, 96 Idaho 474, 476, 531 P.2d 236, 238 (1975).

In *State v. Russell*, 108 Idaho 58, 62, 696 P.2d 909, 913 (1985), our Supreme Court also adopted the *Barker* criteria and balancing test to address asserted violations of Idaho Code § 19-3501, and numerous appellate decisions thereafter utilized that test where a violation of the statute was claimed. *See, e.g., State v. Cotant*, 123 Idaho 787, 788, 852 P.2d 1384, 1385 (1993); *State v. Sindak*, 116 Idaho 185, 187, 774 P.2d 895, 897 (1989); *State v. McNew*, 131 Idaho 268, 271, 954 P.2d 686, 689 (Ct. App. 1998); *State v. Reutzel*, 130 Idaho 88, 94, 936 P.2d 1330, 1336 (Ct. App. 1997); *State v. Rodriquez-Perez*, 129 Idaho 29, 37-38, 921 P.2d 206, 214-15 (Ct. App. 1996); *State v. Beck*, 128 Idaho 416, 419, 913 P.2d 1186, 1189 (Ct. App. 1996). However, in *Clark*, a 2000 decision, the Idaho Supreme Court undertook to reexamine "what 'good cause' means in the context of I.C. § 19-3501." *Clark*, 135 Idaho at 259, 16 P.3d at 935. The Court thereupon abandoned the *Russell* approach of wholesale incorporation of the *Barker* balancing test when enforcing the speedy trial rights conferred by Section 19-3501. The Court said that to evaluate the justification for bringing a defendant to trial after the statutory six-month time limit,

... we believe that a thorough analysis of the reasons for the delay represents the soundest method for determining what constitutes good cause. We therefore

3

conclude that good cause means that there is a substantial reason that rises to the level of a legal excuse for the delay. *See State v. Johnson*, 119 Idaho 56, 58, 803 P.2d 557, 559 (Ct. App. 1990); *State v. Stuart*, 113 Idaho at 494, 496, 745 P.2d 1115, 1117 (Ct. App. 1987). Because there is not a fixed rule for determining good cause for the delay of a trial, the matter is initially left to the discretion of the trial court. *See Johnson*, 119 Idaho at 58, 803 P.2d at 559; [*State v. Naccarato*, 126 Idaho 10, 13, 878 P.2d 184, 187 (Ct. App. 1994)]; *see also People v. Johnson*, 26 Cal. 3d 557, 162 Cal. Rptr. 431, 606 P.2d 738, 746 (1980); *Gallimore v. State*, 944 P.2d 939, 943 (Okla. Crim. App. 1997).

But as the Iowa Supreme Court noted in *State v. Petersen*, the reason for the delay "cannot be evaluated entirely in a vacuum." 288 N.W.2d 332, 335 (Iowa 1980). The good cause determination may take into account the factors listed in *Barker*. The *Barker* factors, however,

> considered only as surrounding circumstances . . . are important, if at all, only insofar as they bear on the sufficiency of the reason itself. The shortness of the period, the failure of the defendant to demand a speedy trial, and the absence of prejudice are legitimate considerations only insofar as they affect the strength of the reason for delay. This means that, to whatever extent the delay has been a short one, or the defendant has not demanded a speedy trial, or is not prejudiced, a weaker reason will constitute good cause. On the other hand, if the delay has been a long one, or if the defendant has demanded a speedy trial, or is prejudiced, a stronger reason is necessary to constitute good cause. *Id.*

*Clark*, 135 Idaho at 260, 16 P.3d at 936.

In *Clark*, the Court ultimately held that the State's asserted reasons for the delay--the prosecutor's successful motion to vacate a timely-set trial date to accommodate the schedule of the complaining witness and the magistrate's failure to reset the trial within the statutory period because of "court congestion"--did not, either separately or together, constitute good cause for the State's failure to bring the defendant to trial in six months. *Id.* at 260-61, 16 P.3d at 936-37. Notably absent from the *Clark* Court's analysis is any discussion or weighing of the *Barker* factors.

In its only post-*Clark* decision on the issue, our Supreme Court held that the State's pursuit of an interlocutory appeal challenging the district court's orders granting defense motions to exclude evidence *did* constitute statutory good cause for delay of trial. *State v. Young*, 136

4

Idaho 113, 115-16, 29 P.3d 949, 951-52 (2001).[1] Again, the Court did not discuss or weigh the *Barker* factors in reaching its decision.

Our Supreme Court's non-application of the *Barker* factors, other than the reason for the delay, in *Clark* and *Young* is significant. We take this to mean that where the reason for the delay is well defined, and that reason on its face clearly does, or clearly does not, constitute good cause, there is no occasion to consider the other *Barker* factors in assessing a claimed violation of Idaho Code § 19-3501. This comports with the Supreme Court's statement in *Clark* that "if the reason for the delay is sufficient the other [*Barker*] factors are not needed. If the reason for the delay is insufficient the other factors will not avail to avoid dismissal." *Clark*, 135 Idaho at 260, 16 P.3d at 936 (quoting *State v. Nelson*, 600 N.W.2d 598, 601 (Iowa 1999)). We conclude that resort to the other *Barker* factors will be appropriate primarily in close cases as where, for example, there are multiple reasons for the delay attributable to both the State and the defendant or the sufficiency of the reason to constitute "good cause" is genuinely subject to disagreement.

We also conclude that good cause clearly was not demonstrated in this case. The reason for the delay was the magistrate court's error in determining the deadline for a trial date within the statutory period.[2] If, as our Supreme Court held in *Clark*, a trial court's overcrowded trial calendar does not constitute good cause, then the mistake that occurred here, which might properly be characterized as negligence, cannot amount to good cause justifying the delay of a defendant's trial beyond the Idaho Code § 19-3501 time limit. Therefore, the magistrate court correctly dismissed the charges. Because the reason for the delay is on its face insufficient, the

---

[1]     A recent case, *State v. Folk*, 151 Idaho 327, 331-32, 256 P.3d 735, 739-40 (2011), was decided by the Idaho Supreme Court on a different basis. There, the defendant's felony trial was scheduled within the statutory period but the trial was postponed when his counsel withdrew and his newly appointed public defender was unable to be ready for trial as scheduled. Trial was then reset within the statutory period but was later reset and delayed several more times, with trial not occurring until nearly one year after the information was filed. The Supreme Court held that despite the fact that the trial was initially rescheduled within the six-month period, because the first timely trial setting was "postponed upon Defendant's application," the protection of Idaho Code § 19-3501 was forever waived.

[2]     Although not noted by the magistrate court in its ruling, the prosecutor also failed to independently check the statutory time limit and bring it to the court's attention in time to remedy the error. The duty to timely bring a defendant to trial lies with the State, meaning both the prosecution and the trial court. *State v. Lopez*, 144 Idaho 349, 354, 160 P.3d 1284, 1289 (Ct. App. 2007).

district court erred by conducting a *Barker* balancing test to determine whether Jacobson's statutory speedy trial right had been violated. An utter absence of good cause cannot be "outweighed" by other *Barker* factors.

Therefore, the district court's appellate decision reversing the magistrate's order of dismissal is reversed, and the magistrate's order of dismissal is reinstated.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**