**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48321**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 17, 2021 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) |
| DAVID JAMES PRANO, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan P. Brody, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jennifer Jensen, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

David James Prano appeals from his judgment of conviction for possession of a controlled substance, Idaho Code § 37-2732(c)(1). Prano challenges the district court's denial of his motion to dismiss based on an alleged violation of his statutory right to a speedy trial under I.C. § 19-3501(2). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

After Prano waived a preliminary hearing, the State filed an information against him in district court on August 21, 2019, for possession of methamphetamine. This filing triggered the six-month period ending on February 21, 2020, during which the State was required to bring Prano's case to trial. *See* I.C. § 19-3501(2) (requiring case's dismissal unless brought to trial within six months of information, absent good cause or postponement by defendant). Prano pled

1

not guilty, and the court scheduled a jury trial for January 22, 2020. A few days before that date, Prano's counsel moved for a one-week continuance due to a scheduling conflict. The court granted the continuance and rescheduled the trial for January 29. After Prano signed a waiver of his right to a speedy trial, the court again rescheduled the trial for February 19.

Shortly before trial, on February 13, 2020, Prano's counsel moved to withdraw. In support, Prano's counsel explained he had a conflict of interest because he also represented Prano's co-defendant, who was a potential witness in Prano's case. The district court granted the motion and appointed new counsel for Prano. At a status conference on March 3, Prano's new counsel asked that the case be "put back on the trial calendar"; the prosecutor responded that he would need "[p]robably at least a month and a half" or "two months if possible" to prepare for trial; and the court rescheduled Prano's trial for May 13.

Before trial and beginning in March 2020, the novel coronavirus (COVID-19) pandemic affected the timing of jury trials in Idaho. On March 13, the Idaho Supreme Court entered its first emergency order in response to the pandemic. That March 13 order stated "reasonable attempts should be made to reschedule all criminal trials subject to the defendant's right to a speedy trial." In re: Idaho Supreme Court Response to COVID-19 Emergency dated March 13, 2020, at paragraph 3. Shortly thereafter, on March 23, the Court entered an amended emergency order--effective March 25--prohibiting all jury trials through April 30 and stating the order "shall be deemed good cause to deny a motion to dismiss a criminal case based upon the time requirements" in I.C. § 19-3501(2). Amended Order dated March 23, 2020, at paragraph 3. Subsequently, the Court entered several additional orders extending this provision and prohibiting jury trials. *See, e.g.*, Order dated March 26, 2020, at paragraph 4 (requiring rescheduling of criminal jury trials scheduled to occur on March 26 through April 30, 2020); In re: Extension of Emergency Reduction in Court Services and Limitation of Access to Court Facilities dated April 14, 2020 (prohibiting jury trials before June 1, 2020); Order dated April 22, 2020 (prohibiting criminal jury trials until August 3, 2020).

After the entry of these orders, the district court held a scheduling conference on May 5, 2020, to reschedule Prano's May 13 trial to August 19. More than two months after this rescheduling, on July 16, Prano moved to dismiss the case, arguing his speedy-trial right was violated and challenging the validity of his earlier waiver of that right. In support, Prano filed an affidavit stating he "never knowingly, intentionally, and voluntarily waived" his right to a speedy

trial and believed his waiver was only for a short continuance to accommodate his counsel's scheduling conflict.[1]

The district court held a hearing on Prano's motion to dismiss. After the hearing, the court entered a written order analyzing the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), to determine whether "good cause" existed to delay Prano's trial beyond the six-month period in I.C. § 19-3501(2). Considering these factors, the court concluded that the length of the delay and the resulting prejudice weighed in Prano's favor but that the reasons for the delay and Prano's belated assertion of his speedy-trial right weighed against him. Based on this analysis, the court denied Prano's motion to dismiss. After this denial, Prano conditionally pled guilty and reserved his right to appeal the denial of his motion to dismiss. Prano timely appeals.

## II.

## STANDARD OF REVIEW

Whether a defendant's right to speedy trial was infringed is a mixed question of law and fact. *State v. Clark*, 135 Idaho 255, 257, 16 P.3d 931, 933 (2000). We defer to the trial court's findings of fact if supported by substantial and competent evidence. *Id.* We exercise free review, however, of the trial court's conclusions of law. *Id.*; *see also id.* at 260, 16 P.3d at 936 (noting "trial judge does not have unbridled discretion to find good cause" and appellate court "will independently review the lower court's decision").

## III.

## ANALYSIS

Prano argues "the district court erred by denying his motion to dismiss due to a violation of his statutory right to a speedy trial" under I.C. § 19-3501(2).[2] The Sixth Amendment to the United States Constitution and Article I, Section 13 of the Idaho Constitution guarantee a criminal defendant the right to a speedy trial. The Idaho Legislature has supplemented these

---

[1] Although Prano challenged the validity of his speedy trial waiver in the district court and the court noted that the State conceded "there is a substantial question about the waiver's validity," the court did not rule on the waiver's validity. On appeal, the State does not assert the waiver's validity, and Prano does not challenge it, other than to note he filed the affidavit stating he never intended to waive his right to a speedy trial.

[2] In the district court, Prano also asserted violations of his federal and state constitutional rights to a speedy trial, but he does not raise these issues on appeal.

3

constitutional guarantees by establishing specific time limits in I.C. § 19-3501 within which a criminal defendant must be brought to trial. This statute provides, in relevant part, that "unless good cause to the contrary is shown," the trial court must dismiss the case "[i]f a defendant, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the information is filed with the court."[3] I.C. § 19-3501(2). The State bears the burden of demonstrating good cause for a failure to bring a defendant to trial within the six-month period. *State v. Jacobson*, 153 Idaho 377, 378, 283 P.3d 124, 125 (Ct. App. 2012).

In the context of I.C. § 19-3501(2), "good cause" means "there is a substantial reason rising to the level of a legal excuse for the delay." *Clark*, 135 Idaho at 260, 16 P.3d at 936. An analysis of whether good cause exists for not bringing a defendant to trial within the sixth-month period under I.C. § 19-3501(2) should focus upon the reason for the delay. *State v. Young*, 136 Idaho 113, 116, 29 P.3d 949, 952 (2001). "[A] thorough analysis of the reasons for the delay represents the soundest method for determining what constitutes good cause." *Clark*, 135 Idaho at 260, 16 P.3d at 936. "[W]here the reason for the delay is well defined, and that reason on its face clearly does, or clearly does not, constitute good cause, there is no occasion to consider" other factors in assessing a violation of I.C. § 19-3501(2). *Jacobson*, 153 Idaho at 380, 283 P.3d at 127.

---

[3] The Idaho Supreme Court in *State v. Folk*, 151 Idaho 327, 331, 256 P.3d 735, 739 (2011), interpreted the meaning of a trial not "postponed upon [the defendant's] application" in I.C. § 19-3501(2). In that case, the Court held that if a trial is postponed at the defendant's request, that postponement waives the speedy-trial right under I.C. § 19-3501(2), even if the request occurs and the trial is rescheduled within the six-month period. *Folk*, 151 Idaho at 332, 256 P.3d at 740. In this case, Prano requested the district court to postpone his trial to accommodate his counsel's schedule. The court granted that request and reset the trial for January 29, before the expiration of the six-month period on February 21, 2020. Prano acknowledges on appeal that this request to postpone the trial forever waived his statutory speedy-trial right. It also precluded him from making a prima facie showing under I.C. § 19-3501(2) that: (1) he was not brought to trial within six months; and (2) he did not postpone the trial at his request. *See State v. Beck*, 128 Idaho 416, 418, 913 P.2d 1186, 1188 (Ct. App. 1996) (articulating prima facie showing). Nevertheless, despite Prano's concession on appeal that he waived his statutory speedy-trial right, we cannot rule on these issues because the prosecution did not raise them before the district court and the court did not rule on them. *See State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019) (ruling issue preservation for appeal requires a party to raise both the issue and its position on the issue before the trial court); *State v. Jeske*, 164 Idaho 862, 868, 436 P.3d 683, 689 (2019) (ruling "if the issue was argued to, or decided by the district court it can form the basis for review by this Court").

If, however, "there are multiple reasons for the delay attributable to both the State and the defendant" or "good cause" is genuinely subject to disagreement, then an analysis of additional factors is appropriate. *Id.* In that event, the following factors may be considered insofar as they bear on the strength of the reason for the delay: (1) the length of the delay; (2) the defendant's assertion of his right to a speedy trial; and (3) the prejudice to the defendant. *Clark*, 135 Idaho at 258-60, 16 P.3d at 934-36 (discussing consideration of factors identified in *Barker*, 407 U.S. at 530). In balancing these factors, "a weaker reason [for the delay] will constitute good cause" if the length of the delay was short or did not prejudice the defendant or if the defendant did not demand a speedy trial. *Clark*, 135 Idaho at 260, 16 P.3d at 936. Conversely, if the length of the delay was long or prejudiced the defendant or if the defendant demanded a speedy trial, then "a stronger reason is necessary to constitute good cause." *Id.*[4]

On appeal, Prano argues "the State has not shown good cause for the delay" in bringing him to trial within six months under I.C. § 19-3501(2). Despite this argument, however, Prano simply "acknowledges the reason for the delay was in the State's favor" and does not challenge that reason as lacking good cause. Indeed, Prano does not specifically identify any reason for delay which he asserts did not constitute good cause under I.C. § 19-3501(2).

---

[4] In addition to this case law, by the time the district court in this case addressed Prano's motion to dismiss, the Idaho Supreme Court had adopted Idaho Criminal Rule 28, identifying the factors to determine good cause under I.C. § 19-3501. Neither of the parties cited this rule to the district court; the court did not reference I.C.R. 28 in its ruling; and the parties do not address on appeal the application of I.C.R. 28, other than the State notes the rule appears to codify the good cause factors the case law articulates. Nevertheless, I.C.R. 28 provides:

When considering whether good cause exists in ruling on a motion to continue a trial or a request to dismiss which is based upon the time requirements set forth in [I.C. § 19-3501], in exercising its discretion, the court shall consider the following factors:
1) the length of the delay beyond the statutory timeframe;
2) whether there have been prior continuances and the reasons therefore;
3) the reason(s) for the current delay, including but not limited to: whether the delay was necessary to safeguard the health or safety of the parties, jurors, attorneys, witnesses, court staff, or the public, and whether the delay was necessitated by the declaration of an emergency by the President of the United States or the Governor of the State of Idaho;
4) whether and when the accused requested compliance with the statutory trial time requirements;
5) the prejudice, if any, to the accused of permitting the prosecution to proceed beyond the statutory trial time requirements; and
6) any other factor the court deems relevant.

Although the district court analyzed three reasons for delay--the Idaho Supreme Court's response to the pandemic, a continuance to accommodate the schedule of Prano's counsel, Prano's counsel's withdrawal due to a conflict of interest--only the latter two events occurred during the six-month period under I.C. § 19-3501(2). Accordingly, they are the reasons for delay relevant to an analysis of whether good cause existed to delay Prano's trial beyond the six-month period. Prano, however, does not challenge either reason on appeal as not constituting good cause for the delay. For example, Prano neither challenges the district court's rulings that the continuance to accommodate his counsel's schedule "weighs against" Prano or the delay caused by his counsel's withdrawal "was necessary to protect [Prano's] fundamental right to counsel" nor does Prano otherwise argue these reasons for delay did not "ris[e] to the level of a legal excuse." *Clark*, 135 Idaho at 260, 16 P.3d at 936.

Rather, Prano "recognizes the district court determined the reasons for delay were in favor of finding a good cause" and "acknowledges the reason for delay was in the State's favor." Prano's failure to assert that the reasons for the delay did not constitute good cause is fatal to his appeal because the focus of the analysis of his speedy-trial right should be on the reasons for the delay. *Id.* (ruling "analysis should focus upon the reason for the delay"). Absent any assertion that the relevant reasons for the delay did not constitute good cause, Prano has failed to establish a violation of I.C. § 19-3501(2), making the consideration of other factors in determining good cause unnecessary under *Clark*. *See Clark,* 135 Idaho at 260, 16 P.3d at 936 (concluding *Barker* factors are relevant to determining good cause only if they bear on sufficiency of reason for good cause); *see also Young*, 136 Idaho at 116, 29 P.3d at 952 (holding "the analysis should focus upon the reason for the delay"); *Jacobson*, 153 Idaho at 380, 283 P.3d at 127 (providing if reason for delay is "well defined" and "on its face" "clearly" does or does not constitute good cause, then "there is no occasion to consider the other *Barker* factors in assessing" violation of I.C. § 19-3501(2)).

Even if we considered the *Barker* factors under the framework articulated in *Clark*, they do not weigh in Prano's favor. The Idaho Supreme Court's emergency orders suspending jury trials in Idaho caused much of the delay beyond the statutory six-month period for trial. *See, e.g.*, Amended Order dated March 23, 2020, at paragraph 3 ("All criminal jury trials currently scheduled to be held on March 25, 2020 through April 30, 2020 shall be continued no less than thirty days from the date of the trial's original starting date."); Order dated March 26, 2020, at

paragraph 4 (requiring rescheduling of criminal jury trials scheduled to occur on March 26 through April 30, 2020); In re: Extension of Emergency Reduction in Court Services and Limitation of Access to Court Facilities dated April 14, 2020 (prohibiting jury trials before June 1, 2020); Order dated April 22, 2020 (prohibiting criminal jury trials until August 3, 2020). The other reasons for a delay--a continuance to accommodate Prano's counsel's schedule and the withdrawal of Prano's counsel due to a conflict of interest--are not attributable to those emergency orders; they were not significant in length; and they do not weaken the reasons for good cause unchallenged by Prano on appeal. Similarly, the other *Barker* factors do not weaken this unchallenged good cause. Prano failed to assert his right to a speedy trial until July 2020--approximately six months after the expiration of the statutory trial period, and he failed to identify any prejudice he would have suffered in presenting a defense to the possession charge. As a result, a stronger reason than accommodating Prano's counsel's schedule and avoiding a conflict of interest is unnecessary to establish good cause. *See Clark*, 135 Idaho at 260, 16 P.3d at 936 (adopting balancing test requiring stronger reason to constitute good cause if delay is long or prejudiced defendant or if defendant demanded speedy trial). Prano does not present any persuasive argument to the contrary.

**IV.**

**CONCLUSION**

We hold that the district court did not err by denying Prano's motion to dismiss. Accordingly, we affirm the judgment of conviction.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.