**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50363**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 5, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| WILLIAM DASHAN REKOW, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Matthew J. Roker, District Judge.

Judgment of conviction, <u>affirmed</u>.

Waldron Legal, PLLC; Maya P. Waldron, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

William Dashan Rekow appeals from the district court's judgment of conviction for aggravated assault. Rekow argues the district court erred by denying his motion to dismiss based on a violation of his statutory speedy trial rights under Idaho Code § 19-3501(2). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In March 2020, the coronavirus (COVID-19) pandemic affected the timing of jury trials in Idaho. On March 13, 2020, the Idaho Supreme Court entered its first emergency order in response to the pandemic. The March 13 order stated: "Reasonable attempts should be made to reschedule all criminal trials, subject to a defendant's right to a speedy trial." *In re: Idaho Supreme Court Response to COVID-19 Emergency dated March 13, 2020, at paragraph three.* Shortly thereafter, on March 23, 2020, the Court entered an amended emergency order--effective March 25--prohibiting all jury trials through April 30, 2020, and stating the order "shall be deemed good cause

1

to deny a motion to dismiss a criminal case based upon the time requirements" in Idaho Code § 19-3501. *Amended Order dated March 23, 2020, at paragraph three*. Subsequently, the Court entered several additional orders extending this provision and prohibiting jury trials. *See order dated March 23, 2020, at paragraph four* (requiring rescheduling criminal jury trials scheduled on March 26 through April 30, 2020); *In re: Extension of Emergency Reduction in Court Services and Limitation of Access to Court Facilities dated April 14, 2020* (prohibiting jury trials before June 1, 2020); and *order dated April 22, 2020* (prohibiting criminal jury trials before August 3, 2020). Jury trials temporarily resumed in March 2021.

In July 2021, the State charged Rekow with two counts of aggravated assault. Idaho Code § 18-905. At his arraignment, Rekow asserted his right to a speedy trial and was released from custody. From August 16, 2021, to December 7, 2021, all jury trials were suspended in the Third Judicial District due to COVID-19 rates, in compliance with the Idaho Supreme Court orders. Rekow's trial was to be rescheduled in March 2022. All jury trials were further suspended from January 10, 2022, to February 28, 2022, in Canyon County because of the Covid rate. (*See* Third Judicial District Administrative Orders, 2021-18, 2021-19, 2021-20, 2021-22, 2021-24, 2021-25, 2022-01, 2022-02, 2022-03.) Following the additional suspension, the district court rescheduled Rekow's trial to May 2022, then rescheduled the trial again to June, and finally to July. During the June pretrial conference, Rekow told the district court that the last day for him to have a speedy trial was June 28, 2022. Rekow was not brought to trial until August 28, 2022.

In July 2022, Rekow filed a motion to dismiss asserting a violation of his speedy trial rights under I.C. § 19-3501(2). The district court denied Rekow's motion. Following a jury trial, Rekow was found guilty of one count of aggravated assault and acquitted on the other count. Rekow appeals.

## II.

## STANDARD OF REVIEW

Whether a defendant's right to a speedy trial was infringed presents a mixed question of law and fact. *State v. Clark*, 135 Idaho 255, 257, 16 P.3d 931, 933 (2000). The appellate court will defer to the trial court's findings of fact if supported by substantial and competent evidence but will exercise free review of the trial court's conclusions of law. *Id.*

## III.

## ANALYSIS

Rekow asserts the district court erred by denying his motion to dismiss. Rekow claims his right to a speedy trial was violated under the statutory protections in I.C. § 19-3501(2). Specifically, Rekow argues the Idaho Supreme Court's pandemic-related orders did not wholly suspend I.C. § 19-3501, the State failed to show good cause for not trying him within six months, and, under the Idaho Criminal Rule 28 factors, no good cause existed. The State argues the delays were caused by the backlog of jury trials created by Covid-related court restrictions, which alone constituted good cause for delay. The State asserts the I.C.R. 28 factors support the district court's good cause conclusion because the length of delay beyond the statutory timeframe was short, the reason was justified, and Rekow was not prejudiced by the delay.

The Sixth Amendment to the United States Constitution and Article I, Section 13 of the Idaho Constitution guarantee a criminal defendant the right to a speedy trial. Under I.C. § 19-3501, criminal defendants are given additional protection beyond what is required by the United States and Idaho Constitutions. *State v. Morgan*, 162 Idaho 550, 553, 400 P.3d 638, 641 (Ct. App. 2017). The Idaho Legislature supplemented these constitutional guarantees by establishing specific time limits in I.C. § 19-3501 within which a criminal defendant must be brought to trial. This statute provides, in relevant part, that "unless good cause to the contrary is shown," the trial court must dismiss the case "[i]f a defendant, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the information is filed with the court." I.C. § 19-3501(2).

The State bears the burden of demonstrating good cause for a failure to bring a defendant to trial within the six-month period. *State v. Prano*, 170 Idaho 337, 340-41, 510 P.3d 690, 693-94 (Ct. App. 2021). In the context of I.C. § 19-3501(2), "good cause" means there is a substantial reason that rises to the level of a legal excuse for the delay. *Prano*, 170 Idaho at 341, 510 P.3d at 694. An analysis of whether good cause exists for not bringing a defendant to trial within the sixth-month period under I.C. § 19-3501(2) should focus upon the reason for the delay. *State v. Young*, 136 Idaho 113, 116, 29 P.3d 949, 952 (2001). A thorough analysis of the reasons for the delay represents the soundest method for determining what constitutes good cause. *Clark*, 135 Idaho at 260, 16 P.3d at 936. Where the reason for the delay is well defined, and that reason on its face clearly does, or clearly does not, constitute good cause, there is no occasion to consider

3

other factors in assessing a violation of I.C. § 19-3501(2). *State v. Jacobson*, 153 Idaho 377, 380, 283 P.3d 124, 127 (Ct. App. 2012). If there are multiple reasons for the delay attributable to both the State and the defendant or good cause is genuinely subject to disagreement, then an analysis of additional factors is appropriate. *Prano*, 170 Idaho at 341, 510 P.3d at 694.

Alongside the Idaho Supreme Court's pandemic related orders, the Supreme Court promulgated I.C.R. 28 which instructs courts to consider six factors when deciding whether there is good cause for the failure to bring a defendant to trial within six months under I.C. § 19-3501. The I.C.R. 28 factors include: (1) the length of the delay beyond the statutory timeframe; (2) whether there have been prior continuances and the reasons therefore; (3) the reasons for the current delay, including whether the delay was necessary to safeguard the health or safety of the parties, jurors, attorneys, witnesses, court staff, or the public; (4) whether and when the accused requested compliance with the statutory trial time requirements; (5) the prejudice to the accused of permitting the prosecution to proceed beyond the statutory trial requirements; and (6) any other factor the court deems relevant. I.C.R. 28. These factors are similar but not identical to the Sixth Amendment right to a speedy trial analysis outlined in *Barker v. Wingo*, 407 U.S. 514 (1972). Thus, the similar and well-established *Barker* analysis is instructive but not necessarily dispositive to our application of the I.C.R. 28 factors.

## A.    Length of Delay

Idaho Criminal Rule 28(1) specifically directs the court to consider the length of the delay beyond the statutory timeframe. The length of delay factor serves as a threshold consideration in determining whether further inquiry is required. *State v. Lankford*, 172 Idaho 548, 560, 535 P.3d 172, 184 (2023). The length of the delay is a factor, but also serves as the triggering mechanism because until there is some delay which is presumptively prejudicial, it is unnecessary to inquire into the other factors. *Young*, 136 Idaho at 117, 29 P.3d at 953. A constitutionally permissible delay depends on the complexity of the crime. *Barker*, 407 U.S. at 531 (distinguishing short permissive delay for ordinary street crime versus a serious, complex criminal conspiracy charge). Thus, the primary inquiry is whether the delay is "presumptively prejudicial" and warrants further inquiry into the other factors. *Lankford*, 172 Idaho at 560-61, 535 P.3d at 184-85.

Even a few months of delay may be sufficient to trigger inquiry and be presumptively prejudicial. *State v. Talmage*, 104 Idaho 249, 252, 658 P.2d 920, 923 (1983) (finding seven-month interval between a mistrial declaration and a second trial was presumptively prejudicial); *State v.*

*Campbell*, 104 Idaho 705, 708, 662 P.2d 1149, 1152 (Ct. App. 1983) (concluding that a twelve-month period was presumptively prejudicial).

The Idaho Supreme Court's orders provided that the statutory speedy trial period be tolled when jury trials were suspended due to Covid restrictions. Canyon County was prevented from having jury trials from August 16, 2021, to December 7, 2021, and again from January 10, 2022, to February 28, 2022. (Third Judicial District Administrative Orders, 2021-18, 2021-19, 2021-20, 2021-22, 2021-24, 2021-25, 2022-01, 2022-02, 2022-03.) The district court found that the length of delay would extend beyond the statutory speedy trial deadline by about a month and could foreseeably be extended. Citing the pandemic, the district court noted trials were prevented from occurring for certain periods and created a backlog once trials were able to continue.

On appeal, Rekow argues the district court incorrectly concluded the Idaho Supreme Court's emergency Covid orders provided a blanket suspension of I.C. § 19-3501 for the length of the pandemic. Rekow argues the plain language of the Covid orders only tolled I.C. § 19-3501 during those time periods when the orders precluded the district court from holding trials at all. At the time the motion to dismiss was filed, Rekow tallied 188 non-tolled days since the filing of the information and approximately 241 non-tolled days by the time he was brought to trial.

The district court specifically acknowledged periods where trial could not be held and that Rekow's trial setting was outside the 180 days. The district court properly concluded there was a delay beyond the six-month window because the tolling did not affect the entire period. Contrary to Rekow's argument, the district court did not hold that jury trials were precluded for the duration of the pandemic as the basis for denying his motion. Taking into account tolling, 188 days passed between the filing of the information and Rekow's motion to dismiss. By the time of the hearing on Rekow's motion, thirteen days later, a total of 201 non-tolled days had passed. Thus, the total length of delay beyond the 180-day statutory timeframe was only twenty-one days. This delay during normal circumstances, let alone during the pandemic, is not presumptively prejudicial. Thus, this factor is neutral and does not weigh in Rekow's favor.

### B.     Prior Continuances

Neither party formally requested continuances during or after the statutory timeframe. The State claims Rekow sought a copy of the preliminary hearing transcript during an in-chambers meeting and would not be able to proceed without it but does not establish a causative delay. Based upon information from Rekow's counsel, the district court found that Rekow's counsel was

assigned to handle the top seven priority cases set for the same time but could only try one case at a time; thus, even if the district court were to reassign Rekow's case to another judge, Rekow's counsel would not be able to try his case at that time. The constrained schedules demonstrate the district court's inability to address Rekow's case any sooner than it did. Accordingly, this factor is neutral.

### C. Reason for Delay

Idaho Criminal Rule 28(3) instructs trial courts to consider whether the delay was necessary to safeguard the health or safety of the parties, jurors, attorneys, witnesses, court staff, or the public. The Idaho Supreme Court entered emergency orders to address the substantial health and safety risks faced by the public accessing the courts, court personnel, and participants in court proceedings caused by the community spread of the coronavirus. The Court deemed the suspension of trials, which caused the backlog, necessary "to foster public safety and reduce the risk of the spread of coronavirus and the incidence of COVID-19 and its variants" during periods where the county's Covid rates exceeded certain thresholds. The Idaho Supreme Court orders included a provision that the delay caused by implementing the orders was to be considered good cause for purposes of tolling speedy trial pursuant to I.C. § 19-3501.

Rekow claims the State did not meet its burden to establish good cause for the delay and the I.C.R. 28 factors show there was not good cause. The district court found that the periods when no trials could occur created a backlog which prevented Rekow's trial from moving forward. The district court concluded the backlog constituted good cause for the delay. The pandemic's repercussions required cases to move past the 180-day deadline because the trials were prohibited.

The Idaho Supreme Court's emergency orders are not actions taken by either the trial court or the prosecution. The district court was working within the bounds set by the Idaho Supreme Court to protect society from the spread of COVID-19, and the prosecution was not delaying Rekow's trial to hamper the defense. There were not multiple reasons for the delay attributable to either the State or Rekow. There was one cause of delay, the coronavirus, and it does not weigh against the State. *State v. Caudill*, ___ Idaho ___, 548 P.3d 1189, 1197 (Ct. App. 2024) (citing other jurisdictions finding delay due to the pandemic is justifiable and not weighed against the State); *State v. Rowland*, ___ Idaho ___, 546 P.3d 169, 176 (Ct. App. 2024) (same).

The Idaho Supreme Court explained that the "order prohibiting the calling of juries shall be deemed good cause to deny a motion to dismiss a criminal case based upon the time

requirements set forth in section 19-3501, Idaho Code." *In Re: Idaho Supreme Court Response to COVID-19 Emergency*, *Amended Order (Mar. 23, 2020)*. Consistent with an Idaho Supreme Court order, the district court prioritized criminal jury trials where the defendant was in custody. *See Re: Emergency Order Regarding Court Services, dated May 20, 2021*. The order instructed courts to give trial priority to criminal cases in which defendants were incarcerated. Accordingly, the district court determined that incarcerated individuals would have priority over Rekow and rescheduled his case. Rekow's next three trial settings were rescheduled because Rekow's trial did not have priority.

Despite Rekow's arguments, good cause is not genuinely subject to disagreement. Rekow concedes that the backlog caused by the suspension of trials was undoubtedly the reason for the delay. Rekow contends the State did not make the showing that the backlog constituted good cause and therefore failed to satisfy its burden, and the district court's conclusion regarding the backlog does not satisfy the State's burden. This argument is without merit. While the State bears the burden, we will not find the State's acquiescence in the district court's many findings that the pandemic and the resulting backlog constituted good cause for the delay constituted a failure to satisfy its burden of demonstrating the basis for the delay. The basis of the delay was well known to both parties and the district court during the pandemic. The district court cited these circumstances when rescheduling Rekow's trial and the State was not further required to present argument or evidence of the district court's own backlog to the district court in support of its foregone conclusion. Rekow has not provided any persuasive argument otherwise. The Idaho Supreme Court's order suspending trials and the resulting backlog provided a sufficient basis to establish good cause. The district court did not err in citing the rules and orders promulgated by the Idaho Supreme Court in making its determination. The reason for the delay weighs heavily in favor of finding there was no violation of Rekow's right to a speedy trial.

**D.    Assertion of Right to a Speedy Trial**

The fourth factor asks whether and when the accused requested compliance with the statutory trial time requirements. Rekow asserted his speedy trial right at his arraignment on August 4, 2021. On June 8, 2022, Rekow noted his upcoming speedy trial date. Then, on July 6, 2022, Rekow filed a motion to dismiss claiming a violation of his statutory speedy trial right. Rekow asserted his right to a speedy trial, which weighs in favor of Rekow.

7

**E.      Prejudice to Defendant**

Idaho Criminal Rule 28(5) considers the prejudice, if any, to the accused of permitting the prosecution to proceed beyond the statutory speedy trial time requirements. The Idaho Supreme Court has recognized that prejudice is a central factor in analyzing the right to a speedy trial. *State v. Holtslander*, 102 Idaho 306, 313, 629 P.2d 702, 709 (1981). "Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532. The *Barker* Court identified three such interests: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *Id.* The third is the most serious and ensures the defendant's ability to adequately prepare his case. The inability of a defendant to adequately prepare his case skews the fairness of the entire system. *Id.*

Rekow remained out of custody during the pendency of the trial. Rekow asserts he suffered impaired liberty while awaiting trial and had the stress of the trial looming over him. The district court acknowledged the stress and the difficulties having a trial hanging over Rekow's head may have caused, but such general anxiety is insufficient to support a claim of a speedy trial violation. *See State v. Risdon*, 154 Idaho 244, 252, 296 P.3d 1091, 1099 (Ct. App. 2012). Rekow made no claim of impairment of his defense. The district court found Rekow was not prejudiced by permitting the trial to occur beyond the statutory timeframe. This factor weighs strongly against dismissal.

Only one factor, the assertion of his speedy trial rights, weighs in favor of Rekow's claim. Rekow does not directly dispute the legitimacy of the reason for the delay, nor was he prejudiced by the delay. The district court properly found there was good cause for the delay under I.C. § 19-3501(2). Thus, considering the I.C.R. 28 factors, Rekow failed to show his statutory speedy trial rights were violated. Accordingly, the district court did not err in denying Rekow's motion to dismiss.

## IV.

## CONCLUSION

Rekow has not demonstrated that the district court erred in denying his motion to dismiss. The district court's order denying Rekow's motion to dismiss and the judgment of conviction are affirmed.

Judge HUSKEY and Judge TRIBE **CONCUR**.