**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51724**

| | |
|---|---|
| STATE OF IDAHO, )<br><br>Plaintiff-Respondent, )<br><br>v. )<br><br>AIMEE MICHELLE ALLSHOUSE, )<br><br>Defendant-Appellant. ) | **Filed:  December 4, 2025**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County.  Hon. Darren B. Simpson, District Judge.

Judgment of conviction, <u>affirmed</u>; order denying motion to dismiss, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Michael MacEgan, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Aimee Michelle Allshouse appeals from her judgment of conviction entered following a jury trial.  Allshouse's trial commenced seventeen days after the statutory six-month requirement. On appeal, Allshouse argues the district court abused its discretion when it denied her motion to dismiss her case for violation of her statutory right to a speedy trial.  We hold the district court did not err in denying Allshouse's motion to dismiss because good cause existed for the minimal delay of her trial.  The district court's denial of Allshouse's motion to dismiss and Allshouse's judgment of conviction are affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Allshouse was stopped by law enforcement for using her cell phone while driving.  During his contact with Allshouse, the officer smelled the odor of alcohol emitting from the vehicle and

1

saw a child, later identified as Allshouse's daughter, in the back seat. The officer also noticed Allshouse was avoiding eye contact with him and when their eyes did meet, Allshouse's eyes were red and glossy. As a result, the officer asked Allshouse to exit the vehicle; Allshouse then admitted she had consumed alcohol and had an open container of alcohol and a marijuana pipe in the center console of her vehicle. The officer searched the vehicle and located two open containers of alcohol, a marijuana pipe, a baggie of marijuana, and a rolled-up dollar bill with a white substance on it.

Allshouse was arrested for felony possession of a controlled substance (cocaine), Idaho Code § 37-2732(c)(1); misdemeanor possession of a controlled substance (marijuana), I.C. § 37-2732(c)(3); possession of an open container of alcohol, I.C. § 23-505; injury to a child, I.C. § 18-1501(2); and possession of drug paraphernalia, I.C. § 37-2734A(1). Allshouse waived her right to a preliminary hearing and was formally charged by information on July 7, 2023. Allshouse entered a not guilty plea on July 31, and her jury trial was scheduled for October 24.

On August 30, Allshouse filed a motion to suppress all evidence, including any statements she made, arguing the evidence was obtained as a result of an illegal vehicle search; Allshouse filed a notice of hearing for October 2. The State responded that Allshouse's motion to suppress should be denied as untimely under Idaho Criminal Rule 12 because the motion was filed two days outside of the twenty-eight-day deadline required by the rule.

At the hearing, the district court noted the untimeliness of Allshouse's motion but nonetheless heard argument. The district court took the matter under advisement and, at a pretrial conference held on October 6, rescheduled Allshouse's trial to November 28. The district court then entered its written decision denying Allshouse's motion to suppress on November 9. After two additional resets, Allshouse's trial was rescheduled to January 23, 2024. On January 11, Allshouse filed a motion to dismiss the case, arguing her constitutional and statutory rights to a speedy trial had been violated because she had not been brought to trial within six months of the date the information was filed, which expired on January 8. The district court held a hearing on the motion to dismiss and subsequently denied Allshouse's motion finding good cause existed for the delay. The case proceeded to trial; Allshouse was found guilty on all charges. Allshouse appeals.

2

## II.
## STANDARD OF REVIEW

Whether there was an infringement of a defendant's right to speedy trial presents a mixed question of law and fact. *State v. Clark*, 135 Idaho 255, 257, 16 P.3d 931, 933 (2000). We will defer to the trial court's findings of fact if supported by substantial and competent evidence; however, we will exercise free review of the trial court's conclusions of law. *Id.*

## III.
## ANALYSIS

On appeal, Allshouse does not challenge the district court's denial of her motion to dismiss based on constitutional grounds. Instead, Allshouse argues the district court abused its discretion when it denied her motion to dismiss because the delay of her trial violated her statutory right to a speedy trial. Allshouse argues neither of the two bases found by the district court were sufficient to constitute good cause for the delay under Idaho case law or I.C. § 19-3501(2). The State asserts the delay injected by Allshouse's untimely motion to suppress and two other trials, one of which involved an incarcerated defendant, that took priority over Allshouse's trial supported the district court's finding of good cause for the delay.

Idaho Code § 19-3501 provides, in pertinent part:

> The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:
>
> . . . .
>
> (2)     If a defendant, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the information is filed with the court.
>
> . . . .
>
> (5)     If a defendant, charged with both a felony or multiple felonies and a misdemeanor or multiple misdemeanors together in the same action or charging document, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the information is filed with the court.

Idaho Code § 19-3501 mandates that, unless the State can demonstrate good cause for a delay greater than six months, the court must dismiss the case. *State v. Morgan*, 162 Idaho 550, 553, 400 P.3d 638, 641 (Ct. App. 2017). Good cause means there is a substantial reason that rises to the level of a legal excuse for the delay. *Clark*, 135 Idaho at 260, 16 P.3d at 936.

The State bears the burden of demonstrating good cause for a failure to bring a defendant to trial within the six-month period. *State v. Prano*, 170 Idaho 337, 340-41, 510 P.3d 690, 693-94

3

(Ct. App. 2021). A thorough analysis of the reasons for the delay represents the soundest method for determining what constitutes good cause. *Clark*, 135 Idaho at 260, 16 P.3d at 936. Where the reason for the delay is well-defined and that reason on its face clearly does, or clearly does not, constitute good cause, there is no occasion to consider other factors in assessing a violation of I.C. § 19-3501. *State v. Jacobson*, 153 Idaho 377, 380, 283 P.3d 124, 127 (Ct. App. 2012). However, the reason for the delay "cannot be evaluated entirely in a vacuum." *Clark*, 135 Idaho at 260, 16 P.3d at 936 (quoting *State v. Petersen*, 288 N.W.2d 332, 335 (Iowa 1980)).

In determining whether good cause exists, the district court may consider the following additional factors insofar as they bear on the sufficiency or strength of the reason for the delay: (1) the length of the delay; (2) whether the defendant asserted the right to a speedy trial; and (3) the prejudice to the defendant. *See Clark*, 135 Idaho at 258-60, 16 P.3d at 934-36. If the reason for the delay is sufficient, these factors are not needed; however, if the reason for the delay is insufficient, the other factors will not avail to avoid dismissal. *See Clark*, 135 Idaho at 260, 16 P.3d at 936. In other words:

> The shortness of the period, the failure of the defendant to demand a speedy trial, and the absence of prejudice are legitimate considerations only insofar as they affect the strength of the reason for delay. This means, that, to whatever extent the delay has been a short one, or the defendant has not demanded speedy trial, or is not prejudiced, a weaker reason will constitute good cause.

*Id.* (quoting *Petersen*, 288 N.W.2d at 335). Ultimately, the question of whether legal excuse has been shown is a matter for judicial determination upon the facts and circumstances of each case. *Clark*, 135 Idaho at 260, 16 P.3d at 936.

The district court found good cause for the delay on two separate bases: (1) Allshouse's untimely motion to suppress; and (2) the two older criminal cases that were set for trial on the same date as Allshouse's trial, one of which involved an incarcerated defendant, that took priority. Allshouse was charged by information on July 7, 2023. The undisputed length of delay outside of the statutory six-month requirement was seventeen days. The parties do not dispute that Allshouse filed her motion to suppress outside of the filing deadline or that the district court chose to hear argument on the motion. A motion to suppress is a critical motion and the need to resolve that motion rises to legal cause or excuse for the delay. *See State v. Livas*, 147 Idaho 547, 550, 211 P.3d 792, 795 (Ct. App. 2009).

Allshouse argues that her untimely filing of the motion to suppress and the subsequent motion hearing did not constitute good cause for the delay because the original trial date was

4

rescheduled within the statutory six-month timeframe. The State argues that Allshouse fails to adequately address the district court's reasoning and conclusion in identifying Allshouse's late-filed motion as a basis for the delay.

In addressing the delay caused by Allshouse's untimely motion to suppress, the district court recognized that it ruled on the motion and reset new trial dates prior to the expiration of the speedy trial deadline, but noted the timing of the motion and the subsequent hearing caused the original trial date to be continued by at least one month. The district court's decision to hear the motion to suppress on the merits, even in the absence of finding good cause for the late filing, does not mean that it could not consider the late-filed motion and subsequent hearing as good cause for the delay of Allshouse's trial. The district court found that Allshouse's untimely motion and the hearing date for the motion caused a delay of at least a month and evidence in the record supports the district court's finding.

When considering the second basis for delay, the two other trials that conflicted with Allshouse's trial, the district court explained: "The main delay, though, however, was due to two other trials that went to trial that involved older criminal cases that were also coming up on speedy trial issues. And, in fact, in one case . . . the defendant was in jail." While a congested court calendar, in and of itself, does not constitute good cause, *State v. Lopez*, 144 Idaho 349, 354, 160 P.3d 1284, 1289 (Ct. App. 2007), general court congestion was not the only reason for the delay in this case. Moreover, the district court did not reference general court congestion but referenced two specific trials that took priority over Allshouse's trial. As the Idaho Supreme Court held in *State v. Mansfield*, 174 Idaho 690, 704, 559 P.3d 1117, 1191 (2024):

> While we agree with our prior holding in *Clark* that general court congestion, in of itself, is not a valid excuse for delaying a criminal trial, we emphasize today that *Clark* does not stand for the proposition that a court must disregard the underlying circumstances that led to the court congestion or an overcrowded court docket and unilaterally dismiss all cases where a trial was not held within the six-month statutory window of Idaho Code section 19-3501.

In this case, the district court considered at all the circumstances that contributed to the delay. As noted in *Mansfield*, the district court was not required to disregard the underlying circumstances that led to the delay. To the extent Allshouse's untimely motion to suppress and court congestion are weaker reasons for delay when viewed in isolation, they are stronger together, particularly when we consider the other relevant factors identified in *Clark* as they relate to the sufficiency of the reasons for the delay.

5

The delay of Allshouse's trial was seventeen days. Allshouse did not demand a speedy trial until three days after the six-month speedy trial deadline and only twelve days before trial was set. Allshouse was not incarcerated and any generalized anxiety Allshouse claims to have suffered did not rise to the level of prejudice[1] that would warrant a dismissal of her case. This means that to the extent the reasons for good cause were not strong, "to whatever extent the delay has been a short one, or the defendant has not demanded a speedy trial, or is not prejudiced, a weaker reason will constitute good cause." *Clark*, 135 Idaho at 260, 16 P.3d at 936 (quoting *Petersen*, 288 N.W.2d at 335). The district court did not err in finding Allshouse's untimely motion to suppress combined with the scheduling conflict of two other trials constituted good cause for the delay pursuant to I.C. § 19-3501.

## IV.

## CONCLUSION

The district court properly found good cause existed for the delay, and that Allshouse failed to show her statutory right to a speedy trial had been violated. Allshouse has failed to show that the district court abused its discretion in denying her motion to dismiss. Accordingly, the district court's denial of Allshouse's motion to dismiss and her judgment of conviction are affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.

---

[1] Allshouse was not incarcerated, so there is no prejudice to her in that regard. The Idaho Supreme Court has held that generalized anxiety surrounding trial is insufficient to support dismissal based on a speedy trial violation. *See State v. Mansfield*, 174 Idaho 690, 711, 559 P.3d 1177, 1198 (2024); *State v. Young*, 136 Idaho 113, 118, 29 P.3d 949, 954 (2001).